# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **DAVID RUSSELL ELLENBERGER,** | |
| *Plaintiff* | Case Action No.: 3:19-CV-527-DJH-RSE |
| vs. | |
| **ALPHABET, INC. PARENT COMPANY OF GOOGLE AND ADSENSE,** | |
| *Defendants* | |

### MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION

Defendant Alphabet, Inc. ("Google"), by counsel, respectfully submits this Memorandum of Law in Support of its Motion to Strike Plaintiff's Motion ("Motion to Strike").

**I.   INTRODUCTION**

Plaintiff's Motion to Allow Newly Discovered Evidence and Keep Punitive Damages and the Trial in Louisville, Kentucky ("Plaintiff's Motion") consists of yet another hodgepodge of unpled allegations regarding the purported fraud committed by Google. Regardless of how the Court construes Plaintiff's Motion, it should be stricken in its entirety. *Cf.* DN 24 (Plaintiff's Response Brief). First, if Plaintiff is attempting to allege new facts in support of his Complaint, he should have sought leave pursuant to Rule 15(b) to file an Amended Complaint, which he has not done. Second, if Plaintiff is seeking to make additional arguments in support of his Response Brief opposing Google's Motion to Dismiss or Transfer and, in the Alternative, to Strike Request for Punitive Damages ("Motion to Dismiss"), he again should have sought leave to do so, which he has not done.

## II.  BACKGROUND

On January 24, 2020, Google filed its Motion to Dismiss.  (DN 22.)  Plaintiff responded on February 10 by filing a Motion to Sue for Fraud, Motion to Keep the Case in the Western District of Kentucky, Motion to Assess Punitive Damages, Motion for Interrogatories, Motion to Depose.  (DN 24.)  On February 24, Google filed its Reply Brief in support of its Motion to Dismiss, which addressed Plaintiff's February 10 filing.  (DN 26.)

Over two (2) months later, Plaintiff filed the Motion that is presently at issue.  (DN 30.)  In that Motion, Plaintiff appears to offer new allegations in support of his fraud claim.  (*Id.*)  He additionally reiterates his request "to keep the trial, in Louisville, and to allow punitive damages." (*Id.*)

## III.  ARGUMENT

### A.  Plaintiff cannot offer new allegations in support of his fraud claim without seeking leave to amend his Complaint.

To the extent Plaintiff is seeking to offer new allegations in support of his Complaint, a motion to admit evidence at trial is not the proper vehicle to do so.  Instead, Plaintiff would need to amend his Complaint as required under Rule 15(b).  Given that Plaintiff served and Google moved to dismiss Plaintiff's Complaint over 21 days ago, (*see* DN 12; *see also* DN 22), Plaintiff is no longer entitled to amend his Complaint as a matter of right.  *See* Fed. R. Civ. P. 15(a)(1).  As such, to amend his Complaint, Plaintiff needs either Google's written consent (which Google is not willing to give), or leave of Court.[1]  *See* Fed. R. Civ. P. 15(a)(2).  Because Plaintiff's Motion is an improper substitute for this procedure, Google respectfully requests that the Court strike or otherwise deny Plaintiff's Motion.

---

[1] The Court should not grant Plaintiff leave to amend his Complaint because Plaintiff agreed to litigate this case in Santa Clara County, California when he accepted the AdSense Terms of Service.  (*See* DN 22 at pp. 3-10.)

### B. Plaintiff's Motion is otherwise an impermissible Surreply.

Moreover, to the extent Plaintiff is seeking to offer new arguments in support of his opposition to Google's Motion to Dismiss, Plaintiff's Motion constitutes an impermissible surreply and should be stricken. Local Rule 7.1(c) authorizes parties to file a Response to a Motion and a Reply in support of a Motion, but it does not authorize parties to file a surreply as of right. Accordingly, had Plaintiff wanted to raise additional arguments in support of his Response to Google's Motion to Dismiss, he should have sought leave to file a Surreply.

Where, as here, a party has filed a surreply without requesting leave to do so, courts routinely strike such surreplies. *See Warinner v. N. Am. Sec. Sols., Inc.*, No. 3:05-cv-244-S, 2008 WL 2355727, at *1 (W.D. Ky. June 5 2008) (granting motion to strike surreply because it was "not authorized by Local Joint Civil Rule 7.1" and because plaintiffs "failed to seek leave of [the] court prior to filing their surreply"); *see also Van Over v. DeWalt*, No. 06-cv-192-JMH, 2007 WL 956670, at *5 (E.D. Ky. Mar. 28, 2007) (similar). Plaintiff's Motion should accordingly be stricken or otherwise denied for the reason that it is improper.

Moreover, should Plaintiff request leave to file a Surreply, such leave should be denied. Plaintiff's Motion was filed over two (2) months after Google's Motion to Dismiss was fully briefed and submitted to the Court. As such, Plaintiff's Motion is untimely, and he should not be permitted a second bite at the apple at such a late date.

### IV. CONCLUSION

For these reasons, Google respectfully requests that the Court strike or otherwise deny Plaintiff's Motion. (DN 30).

Date: May 21, 2020                         Respectfully submitted,

                                                                              By:    */s/ Scott P. Zoppoth*
                                                                                  Scott P. Zoppoth (KY Bar No. 83905)
                                                                                   THE ZOPPOTH LAW FIRM
                                                                                   635 West Main Street, Suite 400
                                                                                   Louisville, Kentucky 40202
                                                                                   Tel: (502) 568-8884
                                                                                   Fax: (502) 568-1319
                                                                                   spz@zoplaw.com

Kelsey Spector (*pro hac vice*)
Aarti G. Reddy (*pro hac vice*)
Jeffrey M. Gutkin (*pro hac vice*)
COOLEY LLP
101 California Street, Fifth Floor
San Francisco, California 94111
Tel: (415) 693-2000
kspector@cooley.com
areddy@cooley.com
jgutkin@cooley.com

*Counsel for Defendant, Alphabet, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send a notice of the same via electronic filing and by regular U.S. Mail to:

David Russell Ellenberger
1040 Cherokee Road, Apartment 1C
Louisville, Kentucky 40204

                                                 /s/ Scott P. Zoppoth
                                                 Scott P. Zoppoth