UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID RUSSELL ELLENBERGER,     Plaintiff,

v.     Civil Action No. 3:19-cv-527-DJH-RSE

ALPHABET, INC.,     Defendant.

\* \* \* \* \*

**<u>ORDER</u>**

Plaintiff David Russell Ellenberger filed suit against Defendant Alphabet, Inc., alleging that Alphabet withheld money from him in violation of the parties' contractual agreement. (Docket No.1, PageID # 4-5) In response, Alphabet filed a motion to dismiss or, alternatively, a motion to transfer the case. (D.N. 22) Alphabet argues that because the contract contains a forum-selection clause, Ellenberger's claim must "be brought in a state or federal court in Santa Clara County, California." (*Id.*, PageID # 80) For the reasons explained below, the motion to transfer will be granted.

**I.**

**A.**     **Ellenberger's Claims**

In May 2017, Ellenberger signed up for an account with AdSense, an advertising program run by Google.[1] (*Id.*, PageID # 80-82) According to Alphabet, "AdSense is a program that enables individuals to monetize traffic on the[ir] websites . . . by providing . . . users with code that they can use on their sites to display ads." (*Id.*, PageID # 80) "Google then pays the website owners for displaying these ads according to the AdSense Terms." (*Id.*, PageID # 80-81) In his complaint, Ellenberger alleges that "[t]he amount to be paid . . . was solely based on the number of hits on

---

[1] Alphabet states that "Google is a wholly owned subsidiary of Defendant Alphabet, Inc." (D.N. 22, PageID # 80)

1

[his] website, as well as ads placed by Google" and that Alphabet "was required to keep track of the number of hits, and what they were paid by advertisers." (D.N. 1, PageID # 5) Ellenberger now claims that he was not paid in violation of "contractual agreement(s)" between the parties, and that "[t]he figures [he] originally received from defendant were much greater than those presented to him after [he] requested payment from defendant." (*Id.*)

**B.     AdSense Terms of Service**

In its motion to dismiss, Alphabet explains that the "contractual agreement" to which Ellenberger refers is the AdSense Terms of Service. (D.N. 22, PageID # 82) Alphabet states that Ellenberger "agreed to and accepted the AdSense Terms when he initially created his account in 2017 . . . and he agreed to the updated AdSense Terms when he continued to use his account after those updates were introduced." (*Id.*) The AdSense Terms include a forum-selection clause, which provides that "[a]ll claims arising out of or relating to this Agreement or the [AdSense] Services will . . . be litigated exclusively in the federal or state courts of Santa Clara County, California." (D.N. 22-3, PageID # 101; D.N 22-4, PageID # 106) Alphabet now seeks to enforce the forum-selection clause through a motion to dismiss pursuant to Rule 12(b)(6) or, alternatively, a motion to transfer under 28 U.S.C. 1404(a). (D.N. 22, PageID # 80)

**II.**

"The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'" *Bradley v. D&B Trucks & Equip., LLC*, No. 1:16-CV-159-GNS, 2017 U.S. Dist. LEXIS 149737, at *4 (W.D. Ky. Sept. 24, 2017) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tx.*, 571 U.S. 49, 62 (2013)). "In federal cases based on diversity jurisdiction, such as this one, the Court applies federal law to determine the enforceability of a forum-selection clause." *P & J Res., Inc. v.*

*Superior Well Servs.*, No. 09-95-ART, 2010 U.S. Dist. LEXIS 33444, at *13 (E.D. Ky. April 5, 2010) (citing *Wong v. Partygaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)). "Under controlling federal law, '[a] forum selection clause should be upheld absent a strong showing that it should be set aside.'" *Onyx & Rose, LLC v. T1 Payments, LLC*, No. 3:19-CV-489-CRS, 2019 U.S. Dist. LEXIS 219879, at *4 (W.D. Ky. Dec. 23, 2019) (quoting *Wong*, 589 F.3d at 828); *see also KFC Corp. v. Wagstaff*, 502 B.R. 484, 489 (W.D. Ky. 2013) ("[I]n light of present day commercial realities, a forum selection clause in a commercial contract should control absent a strong showing it should be set aside." (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972))).

"The Sixth Circuit has stated that a party may 'move[] for enforcement of [a forum selection] clause through either a motion to transfer venue under 28 U.S.C. § 1404(a) or a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.'" *Ky. Ins. Guar. Ass'n v. S&A Constructors, LLC*, No. 3:16-cv-225-DJH, 2017 U.S. Dist. LEXIS 173431, at *7 (W.D. Ky. Feb. 28, 2017) (quoting *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008)). As neither party disputes that venue would be proper in the courts of Santa Clara County, California, under § 1391, the Court must first determine whether the forum-selection clause at issue is valid and enforceable. *See id.* at *6-*7 ("A court considers the enforceability of a forum selection clause when a party moves to dismiss or transfer pursuant to Rule 12(b)(6) or 28 U.S.C. § 1404." (citing *Griffin v. Baker & Taylor, Inc.*, No. 5:12-CV-103, 2013 U.S. Dist. LEXIS 21852, at *3 (W.D. Ky. Feb. 19, 2013); *Aldridge Elec., Inc. v. Am. Mun. Power, Inc.*, No. 5:16-CV-163-GNS-LLK, 2017 U.S. Dist. LEXIS 35925, at *4 (W.D. Ky. Mar. 13, 2017) ("The district court must first determine if the forum-selection clause is valid and enforceable . . . ." (citing *Wong*, 589 F.3d at 828))). Ellenberger does not dispute the general validity of the forum-selection clause.

3

(*See* D.N. 1, D.N. 24) Accordingly, the Court need only determine whether the clause is enforceable.

### A. Enforceability

"Whether a forum selection clause can be enforced is a matter of federal procedure and thereby decided under federal law." *Aldridge*, 2017 U.S. Dist. LEXIS 35925, at *5 (quoting *Williams v. CIGNA Corp.*, No. 5:10-CV-155, 2010 U.S. Dist. LEXIS 131686, at *3 (W.D. Ky. Dec. 13, 2010)). "Federal law strongly favors forum selection clauses as they are presumed valid and control, absent a strong showing that the provision should be set aside." *Id.* (citing *M/S Bremen*, 407 U.S. at 15). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* (quoting *Wong*, 589 F.3d at 828).

"When evaluating the enforceability of a forum selection clause, [the Sixth Circuit has instructed] court[s] to look to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)).

#### 1. Fraud, Duress, Unconscionable Means

Ellenberger "has not shown that the forum selection clause was obtained . . . through fraud, duress, or overreaching." *Lorenzana v. 2nd Story Software, Inc.*, No. 4:12CV-21-JHM, 2012 U.S. Dist. LEXIS 95119, at *9 (W.D. Ky. July 10, 2012). He does not argue that the clause was obtained through duress or overreaching. (*See* D.N. 1, D.N. 24) And although he makes claims of fraud in response to Alphabet's motion (D.N. 24, PageID # 110-15), he has failed to demonstrate fraud in the inclusion of the clause in the contract.

4

"Under the first factor [of the Sixth Circuit test], the party opposing the clause must show fraud in the inclusion of the clause itself." *Villanueva v. Barcroft*, 822 F. Supp. 2d 726, 735-36 (N.D. Ohio 2011) (citing *Wong*, 589 F.3d at 828). "The Sixth Circuit has stated that 'when a contract contains a forum selection cause, a distinction must be made between fraud in the inducement of the agreement [as to the Forum Selection Clause] and allegations of fraud concerning the contract as a whole.'" *Id.* at 736 (quoting *Arnold v. Arnold Corp.-Printed Communications for Bus.*, 920 F.2d 1269, 1277-78 (6th Cir. 1990)) (alteration in original). Thus, "[u]nless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of that clause in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Wilson v. 5 Choices, LLC*, 776 F. App'x 320, 327 (6th Cir. 2019) (quoting *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006)). "In other words, to hold that a forum-selection clause is not enforceable due to fraud, there must be allegations of fraud that are specific to the inclusion of the forum-selection clause." *Id.* "This is because there is generally no reason to doubt that the forum designated in the forum-selection clause can be trusted to decide in the first instance whether the contract as a whole is valid and enforceable." *Id.*

In this case, Ellenberger has made no allegations of fraud specific to the forum-selection clause. Because Ellenberger's "fraud claims reflect upon the agreement as a whole . . . the Court finds that [Ellenberger] has not shown the clause to be unenforceable under the first factor." *Villanueva*, 822 F. Supp. 2d at 736.

### 2. Ineffective or Unfair Handling

"Under the second factor, [the] plaintiff must show that the identified forum would ineffectively or unfairly handle the suit." *Id.* (citing *Wong*, 589 F.3d at 829). Ellenberger argues—

without support—that moving the trial to California "would only serve to give Google an unfair advantage." (D.N. 24, PageID # 115)  But the courts of Santa Clara County, California, appear to be "fully capable of effectively and fairly adjudicating this suit," and the record lacks any evidence to the contrary.  *Lorenzana*, 2012 U.S. Dist. LEXIS 95119, at *12*; see also Villanueva*, 822 F. Supp. 2d at 736 (finding that due to the absence of evidence "indicating that the designated forum—Michigan—would be unable to fairly litigate th[e] case," the forum-selection clause remained enforceable under the second prong).  Accordingly, the Court finds that Ellenberger has likewise failed to show the clause to be unenforceable under the second factor.

### 3. Serious Inconvenience

As to the final factor, Ellenberger argues that "[i]t would be an undue burden and unnecessary to move the trial to California" because he "can't afford it" and because he needs to remain in Louisville "to help [his] 80-year . . . old [m]other, whom [he] live[s] with."  (D.N. 24, PageID # 115)  "Under the third factor, [Ellenberger] must show that enforcement of the forum selection clause 'would be so inconvenient such that its enforcement would be unjust or unreasonable.'"  *Lorenzana*, 2012 U.S. Dist. LEXIS 95119, at *12 (quoting *Wong*, 589 F.3d at 829).  "This finding must be based on more than mere inconvenience of the party seeking to avoid the clause."  *Id.* at *12-*13 (quoting *id.*).

As to Ellenberger's arguments regarding financial hardship, "[t]he Sixth Circuit has previously rejected a claim of financial inconvenience as a basis for denying enforcement of a forum selection clause."  *Braman v. Quizno's Franchise Co., LLC*, No. 5:07CV2001, 2008 U.S. Dist. LEXIS 97929, at *14 (N.D. Ohio Feb. 28, 2008) (citing *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1139 (6th Cir. 1991)).  The Sixth Circuit explained in *Moses*:

> With respect to the claim of financial hardship . . . . [o]f course the plaintiffs rather than the defendants would be required to bear the expense of travel.  This

6

> is inherent in a forum selection clause. Unless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than others. This is not a reason for declaring such clauses invalid.

929 F.3d at 1138-39. Thus, Ellenberger's claims of financial hardship are insufficient under the third factor.

As to Ellenberger's argument regarding the care of his mother, he has not shown that the inconvenience of providing such care—should his attendance even be required in California during the course of this litigation—rises to the level of rendering enforcement of the clause "unreasonable" or "unjust." *See, e.g.*, *Holck v. Bank of N.Y. Mellon Corp.*, 769 F. Supp. 2d 1240, 1251 (D. Haw. 2011) (enforcing a forum-selection clause despite plaintiff's arguments that it would be "difficult" for him to arrange for the supervision and care of his three minor grandchildren, for whom he was the primary caregiver after his wife's death, when plaintiff did "not elaborate on this assertion in any meaningful manner").

In short, Ellenberger has failed to show that litigation in the federal court in Santa Clara County, California, would "be so gravely difficult and inconvenient that [he] will for all practical purposes be deprived of [his] day in court." *Long v. Dart Int'l, Inc.*, 173 F. Supp. 2d 744, 778 (W.D. Tenn. 2001) (quoting *M/S Bremen*, 407 U.S. at 18). As none of Ellenberger's "arguments against enforcement are persuasive," he has "failed to meet [his] burden of showing that the forum-selection clause should be not be enforced." *Bradley*, 2017 U.S. Dist. LEXIS 149737, at *9. Accordingly, the Court finds that the clause is enforceable.

**B.      Procedural Mechanism**

Having determined that the forum-selection clause is valid and enforceable, the Court must next determine "how to actually enforce the clause." *Kelly v. Liberty Life Assur. Co.*, No. 17-139-DLB, 2018 U.S. Dist. LEXIS 11895, at *9 (E.D. Ky. Jan. 25, 2018); *see also Bradley*, 2017 U.S.

7

Dist. LEXIS 149737, at *9 ("After having determined that the forum-selection clause is valid and enforceable, the next question is whether the clause should be enforced by dismissal or transfer.").

In *Atlantic Marine*, the Supreme Court settled a division among the lower courts and rejected the argument that a forum-selection clause might be enforced by a motion under 28 U.S.C. § 1406(a) or Fed. R. Civ. P. 12(b)(3). 571 U.S. at 52. The Court held that "[i]nstead, a forum-selection clause may be enforced by a motion to transfer under § 1404(a)." *Id.* But the Supreme Court "expressly declined [in *Atlantic Marine*] to comment on the propriety of enforcing a forum selection clause through a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Brancy v. Mays*, 265 F. Supp. 3d 801, 807 n.2 (E.D. Tenn. 2017) (citing *Atl. Marine*, 571 U.S. at 60).

The Sixth Circuit, however, "appears to have decided that Rule 12(b)(6) remains a viable method of enforcement of a forum-selection clause post-*Atlantic Marine*." *Id.* (citing *Smith*, 769 F.3d at 933-34); *see also Kelly*, 2018 U.S. Dist. LEXIS 11895, at *10 ("Without committing to a hard-and-fast rule, the Sixth Circuit's more recent case *Smith v. Aegon* confirms that dismissal under Rule 12(b)(6) is a permitted mechanism when a court is presented with an action brought in contradiction to the litigating parties' forum-selection agreement." (citing *Smith*, 769 F.3d at 934)). "Thus, this Court is permitted to dismiss the matter under Rule 12(b)(6), but not required to do so. Pursuant to 28 U.S.C. § 1404(a), [the Court] may also transfer the matter to the appropriate federal forum." *Kelly*, 2018 U.S. Dist. LEXIS 11895, at *10.

Because the forum-selection clause at issue in this case provides the option of a federal forum, the Court will consider whether it may transfer the matter under § 1404(a). *See id.* (transferring the action to the Western District of Pennsylvania pursuant to § 1404(a) when the forum-selection clause required disputes to "be litigated in Allegheny County, Pennsylvania" and the defendants moved to dismiss pursuant to Rule 12(b)(6) or, alternatively, to transfer pursuant

to § 1404(a)); *see also* 17 Moore's Federal Practice - Civil § 111.04 (2020) ("When a forum selection clause requires that an action be brought in federal court, or designates that the action may be brought in either state *or* federal court, then enforcement may be sought only through a motion to transfer venue to the designated federal court under § 1404(a).").

### 1. Motion to Transfer Via 28 U.S.C. § 1404(a)

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The district court has broad discretion to grant or deny a motion to transfer, so long as jurisdiction is proper in either court." *Bigland v. FCA N. Am. Holdings, LLC*, No. 19-11659, 2019 U.S. Dist. LEXIS 173399, at *5-*6 (E.D. Mich. Oct. 7, 2019) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

"There are several factors the district courts should consider when deciding whether or not to transfer under 28 U.S.C. § 1404(a)." *Id.* at *6 (citing *Moses*, 929 F.2d at 1137). "The private interest factors include: (1) convenience of the parties and witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice." *Id.* (citing *Moses*, 929 F.2d at 1137). "The public interest factors include (1) the relative congestion in the courts of the two forums, (2) the public's interest in having local controversies adjudicated locally, and (3) the relative familiarity of the two courts with the applicable law." *Id.* (citing *Moses*, 929 F.2d at 1137).

"However, when evaluating a § 1404(a) request for transfer premised on a valid, mandatory and enforceable forum selection clause, the § 1404(a) analysis changes." *Id.* (citing *Atl. Marine*,

9

571 U.S. at 63). Where, as here, there is a mandatory,[2] valid, and enforceable forum-selection clause, "the plaintiff's choice of forum is given no weight and the plaintiff 'must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.'" *Id.* at *6-*7 (citing *Atl. Marine*, 571 U.S. at 63). "Additionally, 'a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* (citing *Atl. Marine*, 571 U.S. at 63). "Rather, the court is to evaluate public interest factors only." *Id.* (citing *Atl. Marine*, 571 U.S. at 63). "Where the parties have agreed to a valid forum selection clause, the district court should ordinarily transfer the case to the forum specified in the clause because '[i]n all but the most unusual cases, [] the interest of justice is served by holding the parties to their bargain.'" *Id.* at *7 (citing *Atl. Marine*, 571 U.S. at 66) (alteration in original).

Thus, the Court may not consider Ellenberger's private-interest arguments regarding financial hardship and the care of his mother. As to the public-interest factors, Ellenberger makes no argument as to the relative congestion of the courts or the familiarity of the two courts with the applicable law. Moreover, Ellenberger has not shown that this is the type of controversy that the public would have an interest in seeing adjudicated locally. In sum, Ellenberger has not met his burden of establishing that public-interest considerations weigh against transferring this matter.

---

[2] The Court has already determined that the forum-selection clause in this case is valid and enforceable. *See* supra Part II(A). Additionally, the clause states that claims related to the AdSense Terms "will . . . be litigated *exclusively* in the federal or state courts of Santa Clara County, California." (D.N. 22-3, PageID # 101; D.N 22-4, PageID # 106) (emphasis added) Thus, the clause is also "'mandatory' because it 'dictates an exclusive forum for litigation.'" *Bigland*, 2019 U.S. Dist. LEXIS 173399, at *11 (quoting *Quicken Loans Inc. v. RE/MAX, LLC*, 216 F. Supp. 3d 828, 833 (E.D. Mich. 2016)).

### III.

For the reasons discussed above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)  Alphabet's motion to dismiss or transfer (D.N. 22) is **GRANTED** in part. This matter is **TRANSFERRED** to the United States District Court for the Northern District of California, San Jose Division. *See* 28 U.S.C. § 1404(a). The motion is **DENIED** as moot to the extent Alphabet moves to dismiss and to strike.

(2)  All remaining motions (D.N. 24; D.N. 30; D.N. 31; D.N. 34) are **DENIED** as moot.

July 17, 2020

                                       **David J. Hale, Judge**
                                    **United States District Court**